# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR219 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| DARIO CARLON PACHECO, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 92) filed by the Defendant, Dario Carlon Pacheco. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires preliminary review of a § 2255 motion, and describes the preliminary review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

Pacheco pleaded guilty to a one-count Indictment charging him with possession with intent to distribute 5 kilograms or more of a mixture or substance containing cocaine. His plea agreement included the following exceptions to his waiver of his right to file a motion under § 2255:

(a) The right to timely challenge the Defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the Defendant is agreeing to plead guilty fails to state a crime.

> (b) The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the Defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

(Filing No. 61, ¶ 13(a) & (b).)

On June 2, 2008, Pacheco was sentenced to 120 months imprisonment and 5 years supervised release. His sentencing guideline range was 120-121 months based on a total offense level of 29 and placement in Criminal History Category II. Pacheco filed a direct appeal which was dismissed in light of his appeal waiver in his plea agreement. His timely § 2255 motion followed.

## DISCUSSION

In support of his § 2255 motion, Pacheco argues the Court lacked jurisdiction to accept his guilty plea because he did not know drugs were in the vehicle in question and therefore lacked the required intent to commit the crime (Claim One). He also argues that counsel was ineffective for failing to: argue that he was arrested without probable cause when his request to leave the scene of the traffic stop was denied (Claim Two); raise a racial profiling argument (Claim Three); and explain the element of intent to Pacheco, who is a non-native speaker of English (Claim Four).

***Claim One: Intent and Knowledge***

Pacheco states that he did not know of the presence of drugs in the vehicle which he was driving. This claim does not fall within the exceptions to Pacheco's § 2255 waiver in his plea agreement. Therefore, the claim is summarily denied.

*Claims Two, and Three and Four: Ineffective Assistance of Counsel*

Claims Two, Three, and Four do not fall within the exceptions to Pacheco's waiver of his right to file a § 2255 motion. The underlying issues raised in those claims all relate to the pretrial motion stage and the pre-plea stage of Pacheco's case. Therefore, Pacheco cannot show that the grounds for these claims could not have been known by him when he pleaded guilty. The claims are summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Filing No. 92);

2. Upon initial review, the Court summarily dismisses the Defendant's claim raised in the § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 2nd day of July, 2010.

                                              BY THE COURT:

                                              s/Laurie Smith Camp
                                              United States District Judge